BEN SHOU ZHU, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.

No. 05–3956–ag.

United States Court of Appeals,
Second Circuit.

Aug. 30, 2007.

Ben Shou Zhu, pro se, Rego Park, NY, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, OK, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Ben Shou Zhu, a native and citizen of China, seeks review of a June 30, 2005 order of the BIA affirming the November 4, 2003 decision of Immigration Judge ("IJ") Sandy Hom, denying his application for asylum, withholding of removal, and CAT relief. *In re Zhu Ben Shou,* No. A 79 682 642 (B.I.A. June 30, 2005), *aff'g* No. A 79 682 642 (Immig. Ct. N.Y. City Nov. 4, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision directly. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

As an initial matter, under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirement that, on appeal to the BIA, the alien must raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Even construing generously Zhu's *pro se* brief to the BIA, *see Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007), Zhu did not properly exhaust his withholding and CAT claims. Thus, as a matter of statutory jurisdiction, those claims are dismissed.

As to the asylum claim, the IJ's adverse credibility determination is conclusory and thus flawed in several respects. The IJ did not identify which portions or aspects of Zhu's testimony were evasive, rote, or vague, or which portions were

overly repetitive of his written statement. Moreover, we cannot discern from the IJ's opinion why in Zhu's case consistency (which is usually a positive sign) militated in favor of an adverse credibility finding, or why overlaps between Zhu's statement and his wife's affidavit tended to impugn his credibility. Finally, it is not at all clear how the hand-writing exercise that the IJ made Zhu perform was probative of his credibility. In sum, though we generally defer to the IJ's evaluation of a witness' credibility, *Zhou Yun Zhang v. INS,* 386 F.3d at 73, we do require that evaluation be "tethered to the evidentiary record," *Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007), and bear a "legitimate nexus" to the issue of credibility, *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Absent further findings and clarification, we cannot conclude that the IJ's determination is supported by substantial evidence.

The IJ found further that Zhu failed to demonstrate a well-founded fear of future persecution, in large part because he lived in China unmolested for many years after his wife's alleged sterilization and appeared to concede that the only potential basis for future persecution was his unlawful emigration. This determination, however, is affected by the adverse credibility finding on past persecution because if Zhu did in fact suffer past persecution, a presumption of future persecution would arise, and the burden would shift to the government. *See* 8 C.F.R. 208.13(b)(1)(ii).

For the foregoing reasons, the petition for review is GRANTED, in part, DISMISSED, in part, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. Having completed our review, Zhu's pending motion for a stay of removal is DISMISSED as moot, and any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).